# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALASKA COMMUNITY ACTION ON TOXICS, <br><br> *Petitioner*, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and JANE NISHIDA, Acting Administrator, United States Environmental Protection Agency, <br><br> *Respondents*. | No. 21-70168 <br><br><br><br><br><br><br><br><br><br><br> EPA Nos. <br> EPA-HQ-OPPT-2019-0080 <br> FRL-10018-87 <br> Environmental Protection Agency |
| YUROK TRIBE, CONSUMER FEDERATION OF AMERICA, LEARNING DISABILITIES ASSOCIATION OF AMERICA, and CENTER FOR ENVIRONMENTAL TRANSFORMATION, <br><br> *Petitioners,* <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and JANE NISHIDA, Acting Administrator, United States Environmental Protection Agency, <br><br> *Respondents*. | No. 21-70670 |

# **JOINT MOTION TO REOPEN**
# **AND CONSOLIDATE WITH CASE NO. 24-7497**
# **AND FOR ABEYANCE**

Petitioners Alaska Community Action on Toxics et al. and Respondents United States Environmental Protection Agency ("EPA") and its Acting Administrator, Jane Nishida[1] (together, "Respondents") jointly move to (1) reopen the above-captioned consolidated petitions for review (the "2021 Petitions"), which were administratively closed by Clerk's order of December 5, 2024, Dkt. No. 46,[2] (2) consolidate the 2021 Petitions with *Yurok Tribe, et al. v. EPA, et al.*, No. 24-7497 (9th Cir. filed Dec. 12, 2024) (the "2024 Petition"), (3) hold the three consolidated cases in abeyance through February 10, 2025, and (4) and direct the parties to file a joint motion to govern future proceedings by either February 10, 2025 (if no additional petitions for review of the same rule underlying the 2024 Petition are filed) or February 24, 2025 (if additional petitions for review of such rule are filed).

## BACKGROUND

The 2021 Petitions and the 2024 Petition challenge final rules issued by EPA with respect to the chemical decabromodiphenyl ether ("decaBDE") under the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2605(h). The first

---

[1] Acting Administrator Nishida is automatically substituted for her predecessor, former Administrator Michael Regan. Fed. R. App. P. 43(c)(2).
[2] Citations to docket entries reference the entry in case number 21-70168.

challenged rule was published in January 2021. *See* 86 Fed. Reg. 880 (Jan. 6, 2021) (amending 40 C.F.R. §§ 751.403, 751.405) (the "2021 TSCA Rule").

On January 27, 2021, Petitioner Alaska Community Action on Toxics commenced case number 21-70168 by filing a petition for review of the 2021 TSCA Rule. On March 19, 2021, Petitioners Yurok Tribe, Consumer Federation of America, Center for Environmental Transformation, and Learning Disabilities Association of America commenced case number 21-70670 by filing a petition for review of the 2021 TSCA Rule. On April 19, 2021, those cases were consolidated by this Court. Dkt. No. 16. On March 15, 2022, EPA moved for a voluntary remand without vacatur, Dkt. No. 31, which the Court granted on June 23, 2022. Dkt. No. 41.

The second challenged rule was published on November 19, 2024. *See* 89 Fed. Reg. 91,486 (Nov. 19, 2024) (the "2024 TSCA Rule") (amending 40 C.F.R. §§ 751.401, 751.403, 751.405, 751.407).

On December 3, 2024, Respondents filed a status report informing the Court that EPA had recently issued the 2024 TSCA Rule, which amended the 2021 TSCA Rule. Dkt. No. 45. Respondents further advised that Petitioners requested that the 2021 Petitions remain in abeyance during TSCA's 60-day judicial review period, 15 U.S.C. § 2618, while they determined whether to challenge the 2024

TSCA Rule, and that EPA did not oppose Petitioners' abeyance request. *Id.* Two days later, the Clerk of the Court administratively closed the 2021 Petitions. Dkt. No. 46.

On December 12, 2024, Petitioners commenced case number 24-7497 by filing a petition for review of the 2024 TSCA Rule. Any additional petitions for review of the 2024 TSCA Rule are due to be filed by early February 2025. *See* 15 U.S.C. § 2618; 40 C.F.R. § 23.5.

## ARGUMENT

Petitioners seek to challenge portions of the 2021 TSCA Rule that the 2024 TSCA Rule did not amend. Thus, the Court should reopen the administratively closed 2021 Petitions.

Further, Petitioners seek to challenge the 2024 TSCA Rule. To efficiently resolve Petitioners' challenges to the related 2021 and 2024 TSCA Rules, and avoid the risk of inconsistent judgments, this Court should consolidate the 2021 Petitions with the 2024 Petition. In addition, consolidation would not prejudice any party or delay proceedings, which have not proceeded to merits briefing in either petition for review proceeding. Under these circumstances, consolidation is warranted.

Finally, holding the three consolidated cases in abeyance through February 10, 2025, would allow the parties time to confer about a schedule for filing of the certified index to the administrative record for the 2024 TSCA Rule[3] and merits briefing, and would allow the period for judicial review of the 2024 TSCA Rule to expire before the parties (including any potentially new parties) propose deadlines to the Court. This in turn would avoid the potential need for further revisions to the deadlines in the event that additional petitions for review of the 2024 TSCA Rule are filed. To implement this approach, the parties request that the Court direct them to file a proposed schedule by February 10, 2025, if no additional petitions for review are filed. However, if additional petitions for review are filed, the parties propose that the Court direct them to file a proposed schedule by February 24, 2025, to allow additional time for the conferral process (which would include any new party).

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court reopen this case, consolidate it with the 2024 Petition, and hold all proceedings in the newly consolidated cases in abeyance (including Respondents' obligation to file the certified index to the administrative record for the 2024 TSCA Rule)

---

[3] Respondents have already filed the certified index to the administrative record for the 2021 TSCA Rule.

through February 10, 2025. The parties further request that the Court direct them to file a joint motion to govern future proceedings by either February 10, 2025 (if no additional petitions for review of the 2024 TSCA Rule are filed) or February 25, 2025 (if additional petitions for review of the 2024 TSCA Rule are filed).[4]

Respectfully submitted this 17th day of January, 2025.

/s/Katherine K. O'Brien
Katherine K. O'Brien
Earthjustice
P.O. Box 2297
South Portland, ME 04116
(212) 284-8036
kobrien@earthjustice.org

*Counsel for Petitioners*

/s/Andrew J. Doyle (with permission)
Andrew J. Doyle
U.S. Department of Justice
ENRD
450 Golden Gate Avenue
Suite 07-6714
San Francisco, CA 94102
(415) 744-6469
andrew.doyle@usdoj.gov

*Counsel for Respondents*

---

[4] The parties are filing a parallel motion in the 2024 Petition proceeding, *Yurok Tribe, et al. v. EPA, et al.*, No. 24-7497 (9th Cir.).

# CERTIFICATE OF COMPLIANCE

This document complies with the page limit specified in Ninth Circuit Rule 27-1(1)(d) and the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document is six pages long and contains 905 words. This document complies with the typeface and style requirements of Fed. R. App. P. 32(a) because this document has been prepared in a proportionally spaced typeface using Microsoft Word and in 14-point Times New Roman.

Dated: January 17, 2025

*/s/Katherine K. O'Brien*
Katherine K. O'Brien
